UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Corey Jawan Robinson | ) | C/A No. 5:14-cv-04664-JMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Report and Recommendation |
| Sgt. M. Marquardt and Ofc. Legwell, SMU A-1 Shift, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. This matter is before the court on Defendants' Motion for Summary Judgment filed on June 10, 2015. ECF No. 35. As Plaintiff is proceeding pro se, the court entered a *Roseboro*[1] order on June 11, 2015, advising Plaintiff of the importance of such motions and of the need for him to file adequate responses. ECF No. 37. Plaintiff responded to the Motion for Summary Judgment on July 5, 2015. ECF No. 47. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) and (e), D.S.C. Because this motion is dispositive, a Report and Recommendation is entered for the court's review.

    I.    Factual and Procedural Background

Corey Jawan Robinson was an inmate at Lieber Correctional Institution ("LCI") during the time period relevant to his Complaint.[2] ECF No. 1. In his Complaint, Plaintiff maintains

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).
[2] On March 25, 2015, Plaintiff notified the court that he was transferred from LCI to Lee Correctional Institution. ECF No. 22. On November 30, 2015, Plaintiff was transferred from Lee

causes of action against Defendants for excessive force, gross negligence, and assault and battery in violation of the Eighth and Fourteenth Amendments. *Id.* at 3. Plaintiff maintains that on November 11, 2013, that he was feeling very sick, had a sore throat, and was vomiting. *Id.* at 4. Plaintiff alleges that he tried to get Defendant Marquardt's attention so that he could see the doctor, and in response, Defendant Marquardt administered chemical munitions on him. *Id.* at 4-5.

Plaintiff asserts that he is suing defendants in their individual capacity. *Id.* at 6. Further, he seeks $8,200 in compensatory damages for his pain and suffering from Defendant Legwell. From Defendant Marquardt, Plaintiff seeks "100,000.00 or $1,000.00 for each gram of gas." *Id.* Additionally, Plaintiff seeks injunctive relief and asks the court issue an order so that he can see a "specialist doctor to treat scarring which the gas may have caused on lungs since x-ray in December 2013." *Id.* Additionally, Plaintiff requests a non-jury trial and supplemental jurisdiction over his state law claims. *Id.*

II.     Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including

---

to Broad River Correctional Institution, ECF No. 53, and then back to Lee on December 9, 2015, ECF No. 54.

those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a Complaint filed by a pro se litigant to allow the development of a potentially meritorious case*, see, e.g.*, *Cruz v. Beto*, 405 U.S. 319, 322 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

  III. Analysis

    A. Failure to Exhaust

Defendants contend that Plaintiff's Complaint should be dismissed because Plaintiff has not exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). ECF No. 35-1 at 8-10. Specifically, Defendants argue that Plaintiff filed two Step One grievances on January 14, 2014. *Id.* However, Defendants represent that Plaintiff was instructed to re-file these Step One grievances and "attach the Request to Staff Member Form as required by policy GA.01.12 Inmate Grievance Procedures policy." *Id.* Defendants represent that Plaintiff did not comply with the instruction given in response to his Step One grievances, and

3

Plaintiff never filed any Step Two grievances. *Id.* at 10. Therefore, Defendants argue that Plaintiff did not exhaust his administrative remedies, and this case should be dismissed. *Id.* In Response, Plaintiff maintains that he "exhausted all available remedies but was still denied even [though] he followed correct procedure[s] of SCDC policy and attached his request to staff member by Ann Hallman and it was still returned unprocessed. . . ." ECF No. 47 at 3. Essentially, Plaintiff alleges that he was denied his administrative remedies. *Id.* at 4. Plaintiff admits that he filed a request to the director on March 17, 2014, notifying her that he was awaiting a response. *Id.* Plaintiff received a disposition on May 20, 2014, stating he exceeded the time limit for an informal resolution. *Id.*; *see also* ECF No. 1-1 at 6.

Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of all available administrative remedies. *See Booth v. Churner*, 532 U.S. 731 (2001). Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter,* 534 U.S. at 524 (quoting *Booth*, 532 U.S. at 739).

The purpose of the exhaustion requirement is twofold. First, it gives an administrative agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court[.]" *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Second, "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in

4

federal court." *Id.* Any consideration of administrative remedies pursued after the commencement of the litigation would only serve to frustrate both purposes of the PLRA's exhaustion requirement. Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*." *Id.* at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original)). Thus, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005).

Defendants attached the SCDC Grievance Policy/Procedure ("Grievance Policy") as an Exhibit to their Motion. ECF No. 35-10. Pursuant to Section 13.2 of the Grievance Policy, "[i]nmates must make an effort to informally resolve a grievance by submitting a Request to Staff Member Form to the appropriate supervisor/staff." *Id.* at 2. After attempting to resolve an issue informally, the inmate must then complete the Step 1 Grievance and include:

> [I]nformation about how, with whom, and when attempts were made to resolve the problem informally within five (5) days of the signature date on the SCDC Form 19-11," "Inmate Request to Staff Member," (RTSM), a brief statement of the circumstances of the grievance, to include date and time; why the grievant believes s/he is entitled to relief, and a brief statement of the action(s) requested for which relief may be available through the grievance procedure.

*Id.* at 2-3. Section 13.2 states that "a copy of the RTSM must be attached to the Step 1 grievance form." *Id.* at 3. Section 13.3 provides that an inmate will have five (5) days to re-file a properly filled-out grievance if the inmate has failed to provide necessary information with the Step 1 grievance form. *Id.*

Once the Step 1 grievance form is filed, the Warden will respond to the grievant in writing "indicating in detail the rationale for the decision rendered and any recommended

5

remedies." *See id*. at section 13.5. If the inmate is not satisfied with the Warden's decision, he "may appeal to the Division Director of Operations for final resolution of the grievance." *Id.* at section 13.6. The appeal of the Step 1 grievance is completed on the SCDC Form 10-5a, Step 2. *Id.* at 13.7. Inmates must complete the Step 2 form "within five (5) calendar days of the receipt of the response. . . ." *Id.*; *see also Wagner v. United States*, 486 F. Supp. 2d 549, 558 (D.S.C. 2007) (holding SCDC inmates are required to file Step 1 Grievance forms and Step 2 Grievance forms prior to initiating civil actions).

Based on the undersigned's review of the evidence before the court, Plaintiff did not exhaust his administrative remedies. Plaintiff attaches the two Step 1 grievances he filed on January 14, 2014, as exhibits to his Complaint. ECF No. 1-1 at 4-5. On the form Plaintiff indicated he had filed a Request form with five days of the incident and had not received a response. *Id.* The Inmate Grievance Coordinator ("IGC") responded to both Grievance forms on January 15, 2014. *See id.* There, it indicates the following:

> You have failed to attach the answered Request to Staff Member, from the Appropriate Supervisor regarding your informal resolution attempt on this issue as required in GA-01.12 Inmate Grievance Procedures. You may re-file on a new grievance form within 5 days of receiving a response to the Request to Staff form which you should have submitted within 5 days of the incident as your informal resolution attempt to the appropriate supervisor (the Regional Director). As Ms. Hal1man stated, she forward your RTSM to the Director, allow ample time for a response and return this unprocessed grievance with any refile for date verification purposes. REMINDER-Inmates will be allowed to file five (5) grievances per month, which shall include all grievances that are returned unprocessed. After the five (5) grievances have been accepted, all others will be returned unprocessed except disciplinary and classification hearings. This does include refiles if the 5 grievance limit has been limited.

*See id.* Plaintiff also attached as an Exhibit to his Complaint a Request to Staff Member dated March 17, 2014. *Id.* at 6. Based on the Exhibits filed by the parties and based on Plaintiff's own admissions, it is clear to the undersigned that Plaintiff failed to exhaust his administrative

6

remedies prior to filing his Complaint. Plaintiff did not provide the Request to Staff Member form as instructed in the response to his Step 1 grievances. Furthermore, Plaintiff did not file or attempt to file Step 2 Grievance forms concerning the allegations from the November 11, 2013 incident. Accordingly, he has failed to exhaust his administrative remedies. *See Wagner*, 486 F. Supp. 2d at 558. Therefore, the undersigned recommends that Defendants' Motion for Summary Judgment be granted because Plaintiff failed to exhaust his available administrative remedies before filing this action. *See Pozo,* 286 F.3d at 1024 (holding that an inmate's failure to "properly take each step within the administrative process . . . bars, and does not just postpone, suit under § 1983."); *see also Blevins v. Loranth*, No. 09-788-TLW-BM, 2010 WL 670099, at *3 (D.S.C. Feb. 22, 2010), ("Plaintiff needed to file and exhaust his administrative claim [] at FCI Williamsburg prior to proceeding with this lawsuit."); *Kirk v. Kirkland*, No. 0:06-1036 MBS-BM, 2006 WL 3759801 at *2 (D.S.C. Dec. 18, 2006) (finding that "before Plaintiff may proceed with his claim in this Court, he must first have exhausted any administrative remedies that were available at the Detention Center.") (both citing *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 34-35 (1st Cir. 2002).

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendants' Motion for Summary Judgment, ECF No. 35, be GRANTED and this case be dismissed.

IT IS SO RECOMMENDED.

January 20, 2016                                                         Kaymani D. West
Florence, South Carolina                                          United States Magistrate Judge

7

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

8